Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000396
10-JUL-2013
08:51 AM

NO. CAAP-12-0000396

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BLADESIN-ISAIAH BAILEY, Defendant-Appellant,
and ANDREW JOSIAH RODRIGUEZ, Defendant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0819)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Bladesin-Isaiah Bailey (Bailey) appeals from the Judgment of Conviction and Sentence (Judgment) filed on March 19, 2012, in the Circuit Court of the First Circuit[1] (circuit court). Judgment was entered against Bailey for Kidnapping, in violation of Hawaii Revised Statutes (HRS) § 707-720(1)(e) (Supp. 2012),[2] and Assault in the Third Degree, in violation of HRS § 707-712 (1993 Repl.).[3]

---

[1] The Honorable Karen S.S. Ahn presided.

[2] HRS § 707-720(1)(e) provides that "[a] person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to . . . [t]errorize that person or a third person[.]"

[3] HRS § 707-712(1) provides that "[a] person commits the offense of assault in the third degree if the person: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or (b) Negligently causes bodily injury to another person with a dangerous instrument."

On appeal, Bailey contends that the circuit court erred in denying his oral motion for judgment of acquittal and his renewed motion for judgment of acquittal because Plaintiff-Appellee State of Hawai'i (the State) failed to establish venue. Bailey also contends that the circuit court erred in denying his motion for judgment of acquittal because the Class A felony Kidnapping verdict was inconsistent with the Assault in the Third Degree verdict.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Bailey's points of error as set forth below.

I. **Venue**

Bailey contends that venue was not proven because no witness testified that the events occurred in the "City and County of Honolulu" and only one witness mentioned the island of Oahu. We conclude that venue was properly established.

HRS § 701-114(1)(d) (1993 Repl.)[4] provides that, in a criminal case, venue must be proven beyond a reasonable doubt. Hawai'i Rules of Penal Procedure (HRPP) Rule 18 provides that: "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in the circuit in which the offense or any part of it was committed." HRS § 603-1 (Supp. 2012) describes the State of Hawaii's judicial circuits:

> §603-1 Judicial circuits. The State is divided into four judicial circuits, as follows:
>
> (1)    The first judicial circuit is the island of Oahu and all other islands belonging to the State not hereinafter mentioned;

---

[4] HRS § 701-114(1)(d) states, in relevant part:

[N]o person may be convicted of an offense unless the following are proved beyond a reasonable doubt: . . . (d) Facts establishing venue[.]

> (2)    The second judicial circuit includes the islands of Maui, Molokai, Lanai, Kahoolawe, and Molokini;
>
> (3)    The third judicial circuit is the island of Hawaii;
>
> (4)    The fifth judicial circuit includes the islands of Kauai and Niihau.

(Emphasis added.) Additionally, the Revised Charter of the City and County of Honolulu (RCCCH) § 1-102 (2000)[5] sets out that the City and County of Honolulu encompasses the island of Oahu.

Bailey fails to point to any legal authority to support the contention that the phrase "City and County of Honolulu" must be used when establishing venue in the first judicial circuit, and that venue is not established by using the phrase "island of Oahu." Moreover, a review of the testimony at trial reveals there was evidence establishing that the events took place on the island of Oahu.

Additionally, the circuit court properly took judicial notice of venue when it noted that the geographic areas described in various testimony were all on the island of Oahu, and commented that there was no testimony that any of the parties or witnesses traveled in any conveyance other than a car, rendering it impossible for the events to have occurred in another venue. See State v. Puaoi, 78 Hawaiʻi 185, 190, 891 P.2d 272, 277 (1995).

Viewing the evidence in the strongest light for the prosecution, sufficient evidence was adduced to establish that the offense took place on the island of Oahu, thus establishing venue beyond a reasonable doubt. See State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998).

---

[5] RCCCH § 1-102 provides, as follows:

Section 1-102. Geographical Limits --
    The island of Oahu and all other islands in the State of Hawaii, not included in any other county and waters adjacent thereto, shall constitute the City and County of Honolulu.

## II. Inconsistent Verdict

Bailey asserts that the guilty verdict as to the Class A felony Kidnapping charge is inconsistent with the guilty verdict of Assault in the Third Degree and therefore, the Class A felony Kidnapping verdict should be reduced to a Class B felony Kidnapping verdict. We disagree.

HRS § 707-720 (2) and (3) (1993 Repl.) provide, in relevant part:

> (2) Except as provided in subsection (3), kidnapping is a class A felony.
> (3) In a prosecution for kidnapping, it is a defense which reduces the offense to a class B felony that the defendant voluntarily released the victim, alive and not suffering from serious or substantial bodily injury, in a safe place prior to trial.

(Emphasis added.)

Bailey was charged with Assault in the Second Degree for intentionally, knowingly or recklessly causing "substantial bodily injury" to complaining witness Ezra Kualaau (Kualaau) pursuant to HRS § 707-711(1)(a) and (b) (Supp. 2012), which provides:

> §707-711 Assault in the second degree. (1) A person commits the offense of assault in the second degree if:
>
> (a) The person intentionally or knowingly causes substantial bodily injury to another;
>
> (b) The person recklessly causes serious or substantial bodily injury to another[.]

(Emphasis added.) "Substantial bodily injury" means bodily injury which causes, among other things, a bone fracture. HRS § 707-700 (Supp. 2012).

The jury returned a guilty verdict for the lesser included offense of Assault in the Third Degree, pursuant to HRS § 707-712, which provides:

> §707-712 Assault in the third degree. (1) A person commits the offense of assault in the third degree if the person:
>
> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

> (b)  Negligently <u>causes bodily injury</u> to another
> person with a dangerous instrument.

(Emphasis added.)   "'Bodily injury'" means physical pain, illness, or any impairment of physical condition."   HRS § 707-700.

Bailey argues that when the jury found him guilty of the lesser included offense of Assault in the Third Degree, the verdict indicated that "it is indisputable that [Kualaau] was released from the trunk . . . without serious or substantial injury[,]" thus validating Bailey's argument that he is guilty only of a class B Kidnapping felony.

The circuit court disagreed, pointing out that there was a distinction between finding an alleged victim was <u>suffering</u> from substantial bodily injury as opposed to determining who <u>caused</u> substantial bodily injury to that alleged victim.   In other words, a jury could find that a person <u>suffered</u> "substantial bodily injury," even though the jury could not determine <u>who caused</u> that "substantial bodily injury."   The circuit court thus noted in this case that the jury could have concluded that: Kualaau had <u>suffered</u> "substantial bodily injury" (i.e. a broken nose); the State had not met its burden of proof as to who <u>caused</u> the broken nose; but that Bailey caused lesser "bodily injury" for purposes of the offense of Assault in the Third Degree.   We agree with the circuit court.

Based on the record, there was sufficient evidence for the jury to conclude that Kualaau's nose was broken and thus, he suffered "substantial bodily injury."   However, because Kualaau testified that a plastic bag and cloth covered his head and face when he was being punched in the face, there is no testimony as to which co-defendant was responsible for punching his face. There was sufficient evidence though for the jury to conclude that Bailey caused Kualaau to suffer "bodily injury."

Moreover and importantly, the jury clearly rejected Bailey's argument asserted on appeal that the offense should be reduced to a Class B felony Kidnapping offense when the jury answered each of the following special interrogatories in the affirmative:

> 1. Has the prosecution proven beyond a reasonable doubt that prior to trial [Bailey] did not release [Kualaau] voluntarily?
>
> 2. Has the prosecution proven beyond a reasonable doubt that prior to trial [Bailey] did not release [Kualaau] alive and not suffering from serious or substantial bodily injury?
>
> 3. Has the prosecution proven beyond a reasonable doubt that prior to trial [Bailey] did not release [Kualaau] in a safe place?

Given the evidence and the specific findings by the jury, the verdicts against Bailey are not inconsistent.[6]

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on March 19, 2012, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, July 10, 2013.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

_Craig H. Nakamura_
Chief Judge

_Associate Judge_

_Associate Judge_

---

[6] In light of our conclusion that the verdicts against Bailey are not inconsistent, we need not decide whether inconsistent verdicts would provide a basis for invalidating the jury's guilty verdict on the Class A felony Kidnapping charge. See United States v. Powell, 469 U.S. 57, 64-67 (1984); State v. Liuafi, 1 Haw. App. 625, 643, 623 P.2d 1271, 1282 (1981).